**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**John A. Dowdle, Jr., M.D.,**

**Plaintiff,**

v.

**National Life Insurance Company.,**

**Defendant.**

**Civil No. 01-2346(ADM/SRN)**

**ORDER**

---

Kurtis Alan Greenley, Esq., on behalf of Plaintiff.

Terrance J. Wagener, Esq., on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-entitled matter came before the undersigned United States Magistrate Judge on January 13, 2003, on Defendant's Motion for Protective Order (Doc. No. 18-1) and to Compel Discovery (Doc. No. 18-2).

Plaintiff, through an initial request for production of documents and interrogatories, sought various information and documents from Defendant relating to drafting history, interpretation, application, marketing, and promotion of the two disability insurance policies at issue in this case, along with other specific information relating to terms of the policies and occupation classifications. Defendant objected to the production of these materials and has maintained those objections. On or about November 15, 2002, Plaintiff served a Rule 30(b)(6) Notice of Deposition and in doing so sought the identification of various documents somewhat consistent with Plaintiff's earlier interrogatories and request for production of documents. In

FILED JAN 14 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

Plaintiff's Rule 30(b)(6) Notice of Deposition, as well as in a subsequent letter from Plaintiff's counsel to Defendant's counsel on December 11, 2002, Plaintiff clarified and limited the documentary material being sought. Defendant did not find this clarification and limitation acceptable and maintained its objections that the documents sought were not discoverable. Additionally, Defendant then filed its Motion for Protective Order to limit or preclude the contemplated Rule 30(b)(6) deposition.

The Court, having reviewed Defendant's motion papers and documents in support of said motion, having reviewed Plaintiff's opposition papers and documents in opposition to Plaintiff's motion, and having heard the arguments of counsel makes the following ORDER:

1. Defendant's Motion for Protective Order to Limit or Preclude the Rule 30(b)(6) deposition is denied in part and granted in part, but subject to the following provisions of this Order.

2. Within thirty (30) days of this Order, Defendant shall produce for inspection and copying certain documents and materials which the Court for the purpose of this Order defines as "interpretive materials." Interpretive materials include Defendant's manuals (or portions thereof), Defendant's internal writings, memos, explanations, articles, publications, circulars, explanatory materials, interpretive memos and bulletins, as well as promotional and explanatory materials sent by Defendant to insurance agents or to its insureds. These materials are limited to documents dated between 1983 and the date in 1988 on which Plaintiff entered into the policies in question.

The interpretive materials to be disclosed are the following:

a) Interpretive materials that reference, explain, define, or discuss the terms

"Occupation and "duties" as those terms are utilized by National Life Insurance Company in the Applications for insurance utilized when Plaintiff applied for the disability policies at issue in this case.

b) Interpretive materials referring to, explaining, defining, or otherwise discussing the terms "occupation," "own occupation," the "occupation of the insured at the time such disability begins," and "materials and substantial duties of an occupation," as those terms are contained in the disability insurance policies issued by Defendant to Plaintiff.

c) Interpretive materials that explain, discuss, define, promote, or in any way discuss the different applications, benefits, and coverage under the disability income policy issued by Defendant to Plaintiff when the "Own Occupation Rider" was added as an additional endorsement.

d) Interpretive materials setting forth the categories of "Occupation Class 4A" as referenced in Defendant's Disability Income Policy issued to Plaintiff, as well as the listing of other Occupation Classes in existence at the time of the issuance of the policy.

e) Interpretive materials which define or otherwise relate to and explain the terms "owner" and "insured" as utilized by Defendant in the Professional Overhead Expense Disability Policy issued to Plaintiff.

3. To the extent Defendant deems any of the documents to be produced pursuant to this Order to contain confidential, proprietary, or trade secret information, Defendant shall prepare a Confidential Information/Protective Order and submit it to Plaintiff's counsel within

thirty (30) days of this Order. If the proposed Protective Order is acceptable to Plaintiff, then within five (5) days the proposed Protective Order shall be forwarded to this Court for signature. If not acceptable to Plaintiff, then the proposed Protective Order, along with Plaintiff's comments or objections, shall be submitted to this Court within the five (5) day time period for final determination by the Court.

4. Plaintiff's Rule 30(b)(6) deposition shall be stayed pending production of the documents in accordance with this Order. Following production of the documents, Plaintiff may again reschedule a Rule 30(b)(6) deposition, which deposition shall be limited to the following: determining whether all documents responsive to this Court's Order have been produced; to the extent documents responsive to this Order have not been produced, determining whether such documents exist and if so, what efforts were undertaken to locate those documents; seeking an explanation of the content of the documents produced; and establishing proper identification and foundation for the documents produced.

5. The parties will adhere to the following schedule for serving cross motions for summary judgment:

a) Within fifteen (15) days of Defendant's production of the documents discussed in this Order, Plaintiff is to determine whether a Rule 30(b)(6) deposition is necessary, and if so, to notice that deposition.

b) Within thirty (30) days of the taking of the 30(b)(6) deposition, or if it is not taken, within thirty (30) days of the expiration of the fifteen-day period, the parties will serve cross motions for summary judgment.

c) The schedule for briefs in opposition and reply will be governed by D. Minn. LR 7.1(b)(2).

**THEREFORE, IT IS HEREBY ORDERED that:**

(1) Defendant's Motion for Protective Order (Doc. No. 18-1) is **GRANTED IN PART AND DENIED IN PART**;

(2) Defendant's Motion to Compel Discovery (Doc. No. 18-2) is **WITHDRAWN**.

Dated: January 13, 2003

Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.