UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John A. Dowdle, Jr., M.D.,

Plaintiff,

v.

National Life Insurance Company,

Defendant.

No. 01-2346(ADM/SRN)

STIPULATED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT

**INTRODUCTION**

**This matter is before the Honorable Ann D. Montgomery, United States District Court Judge. On August 28, 2003, the Court issued its memorandum opinion and order granting Plaintiff John A. Dowdle, Jr. M.D.'s ("Dr. Dowdle") motion for partial summary judgment and denying Defendant National Life Insurance Company's ("National Life") motion for partial summary judgment. In so doing, the Court determined that Dr. Dowdle was totally disabled pursuant to a Disability Income Policy and Professional Overhead Expense Disability Policy issued by National Life to Dr. Dowdle. The Court further held that the amounts due under the Disability Income Policy and the Professional Overhead Expense Disability Policy were reserved for future determination. Based upon the stipulation of the parties, the Court makes the following Findings Of Fact, Conclusions Of Law and Order For Judgment with respect to the amounts due Dr. Dowdle under the Disability Income Policy and Professional Overhead Expense Disability Policy.**

**FINDINGS OF FACT**

**1. On September 9, 2000, Dr. Dowdle suffered injuries in an airplane crash.**

**2. At the time of his injury Dr. Dowdle was insured under two disability policies issued by National Life: a Disability Income Policy, No. D2059907, which provides long-term disability benefits, and a Professional Overhead Expense Disability Policy, No. D2079719, that provides reimbursement for certain professional overhead expenses during a period of disability.**

**A. <u>The Disability Income Policy</u>**

**3. Disability Income Policy provides a monthly income benefit of $13,050.00 for total disability and a monthly benefit up to $13,050.00 for residual disability.**

**4. The amount of residual benefits is based, in general, upon the amount of income received by the insured during residual disability as compared to pre-disability income.**

**5. In addition, Dr. Dowdle purchased a Rider For Cost Of Living Benefit ("COLA") that increased the monthly benefit in the Disability Income Policy on each anniversary date of the disability by a percentage calculated in accordance with the policy.**

**6. The COLA adjustment has been four percent (4%) in each of the years 2001, 2002, and 2003.**

**7. Effective December 9, 2000, National Life began paying Dr. Dowdle total disability benefits.**

**8. Based upon the terms of the Disability Income Policy and the COLA adjustment, the total disability benefit payable to Dr. Dowdle is as follows:**

| | |
|---|---|
| **December 9, 2000 to September 9, 2001** | **$13,050.00 per month.** |
| **September 10, 2001 to September 9, 2002** | **$13,572.00 per month** |
| **September 10, 2002 to September 9, 2003** | **$14,114.88 per month** |
| **September 10, 2003 to December 9, 2003** | **$14,679.48 per month** |

**9. After Dr. Dowdle returned to an office practice, National Life began paying him a residual disability benefit under the Disability Income Policy.**

**10. Through December 31, 2003, the difference between the total disability benefits payable under the Disability Income Policy and the residual disability benefits paid to Dr. Dowdle is $169,905.64.**

**11. Based upon the Court's determination that Dr. Dowdle is totally disabled under the Disability Income Policy, the total amount owing Dr. Dowdle under that policy through December 31, 2003, is $169,905.64. The calculation of benefits after December 31, 2003 was not considered by the Court.**

**B. <u>The Professional Overhead Expense Disability Policy</u>**

**12. The Professional Overhead Expense Disability Policy issued by National Life to Dr. Dowdle provides, in part, that National Life will:**

> **Pay the Covered Overhead Expenses for which the Owner is liable for payment. Such Covered Overhead Expenses must be incurred after the Benefit Start Date while the Insured is totally disabled.**

**13. Dr. Dowdle is both the "Insured" and the "Owner" of this policy.**

**14. The benefit start date of the Professional Overhead Expense Disability Policy is the 91st day of the Insured's continuous disability. The maximum monthly overhead expense benefit is $15,000 per month.**

**15. The total amount of monthly benefits for total disability payable under the Professional Overhead Expense Disability Policy is $360,000.00.**

**16. The Professional Overhead Expense Disability Policy provides for a reduced benefit**

**amount where the Insured is partially, rather than totally disabled.**

**17. For the period of December 9, 2000 through April 9, 2001, National Life paid Dr. Dowdle $52,000.00 in covered overhead expenses under the Professional Overhead Expense Disability Policy.**

**18. Based upon the Court's determination that Dr. Dowdle is totally rather than partially disabled, the total amount owing Dr. Dowdle under the Professional Overhead Expense Disability Policy is $308,000.**

## CONCLUSIONS OF LAW

**1. Based on the Court's determination that Dr. Dowdle is totally disabled within the meaning of the Disability Income Policy, he is entitled to payment of $169,905.64 as disability income benefits under this policy, through the period ending December 31, 2003.**

**2. Based on the Court's determination that Dr. Dowdle is totally disabled within the meaning of the Professional Overhead Expense Disability Policy, he is entitled to payment of $308,000 as covered overhead expenses not previously reimbursed under this policy.**

**3. Dr. Dowdle is entitled to prejudgment interest on the amounts owing under both policies, calculated in accordance with Minn. Stat § 549.09, in the amount of $22,929.87, along with taxable costs and disbursements.**

## ORDER FOR JUDGMENT

**1. Judgment shall be entered against defendant National Life Insurance Company and in favor of plaintiff Dr. Dowdle in the amount of $169, 905.64 for disability income benefits owing through December 31, 2003, under the Disability Income Policy. Claims for benefits after December 31, 2003 are not before the Court. This judgment for damages through**

**December 31, 2003 does not limit, preclude, waive or prejudice Dr. Dowdle 's claims for benefits after December 31, 2003, nor does it preclude Dr. Dowdle from bringing any further actions for benefits after December 31, 2003. Similarly, this judgment does not limit, preclude, waive or prejudice National Life's ability to assert defenses or otherwise object to Dr. Dowdle 's claims for disability benefits or actions for benefits after December 31, 2003.**

**2. Judgment shall be entered against defendant National Life Insurance Company and in favor of Plaintiff, Dr. Dowdle, in the additional amount of $308,000 for covered overhead expenses not previously reimbursed under the Professional Overhead Expense Disability Policy.**

**3. In addition to the amounts noted above, judgment shall be entered awarding Plaintiff, Dr. Dowdle, prejudgment interest in the amount of $22,929.87.**

**4. Plaintiff is awarded his taxable costs and disbursements.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**BY THE COURT:**

**Dated: June 21, 2004**

**s/Ann D. Montgomery**
**JUDGE ANN D. MONTGOMERY**
**UNITED STATES DISTRICT COURT**